{¶ 38} I concur in the majority's analysis and disposition of appellant's first assignment of error with respect to appellant's argument Mr. Groah's opinion was not based on facts or data admitted in evidence at the hearing in accordance with Evid.R. 703. However, the majority fails to directly address Section B of appellant's argument in this assignment of error, i.e., Mr. Groah's expert opinion was also inadmissible because it was based on the credibility of appellee's testimony, which is not a matter beyond the experience of a layperson. I find appellant's argument in this regard unpersuasive. If the jury concluded appellee's testimony regarding the amount of time he had been out of the apartment prior to the fire incredible, the jury would then have been free to attach no weight to Mr. Groah's expert opinion. The fact Mr. Groah's opinion was based upon appellee's already admitted testimony does not render it inadmissible, but rather potentially of no weight if the trier-of-fact found appellee's foundational testimony incredible.
 {¶ 39} Finally I concur in the majority's disposition of appellant's second assignment of error. I do so because the appellant's stipulation for use of Albright bill to prove damages did not otherwise attempt to limit any inference(s) that could be drawn therefrom. In the absence of any such announced limitation, I agree the trial court did not abuse it discussion in admitting the Albright bill or restricting its use by Mr. Groah in reaching his opinion.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.